**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-11829-amc |
| | : | |
| GRACE LOUISE DAHLQUIST | : | |
| | : | Chapter 13 |

### NOTICE OF MOTION, RESPONSE DEADLINE AND HEARING DATE

Gwynedd Club Condominium Association has filed a Motion to Dismiss with the Court seeking dismissal with prejudice and a 1-year bar to refiling.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult an attorney.)**

1. If you do not want the court to grant the relief sought in the motion or if you want the court to consider your views on the motion, then on or before July 26, 2021 you or your attorney must do all of the following:

    (a) File an answer explaining your position at the United Stated Bankruptcy Court for the Eastern District of Pennsylvania, 900 Market Street, Suite 400, Philadelphia, PA 19107. If you mail your answer to the bankruptcy clerk's office for filing, you must mail it early enough so that it will be received on or before the date stated above; and

    (b) Mail a copy to the movant's attorney:
    Michelle J. Stranen, Esquire
    Marcus & Hoffman P.C.
    326 West State Street
    Media, PA 19063
    610-565-4660
    610-565-7692 (fax)

2. If you or your attorney do not take the steps described in paragraphs 1(a) and 1(b) above and attend the hearing, the court may enter an order granting the relief requested in the motion.

3. A hearing on the motion is scheduled to be held before the Honorable Ashely Chan on August 11, 2021 at 11:00 a.m. in Courtroom 4, United States Bankruptcy Court, Nix Building, 900 Market Street, Philadelphia, PA 19107.

4. If a copy of the motion is not enclosed, a copy of the motion will be provided to you if you request a copy from the attorney named in paragraph 1(b).

5.    You may contact the Bankruptcy Clerk's office(s) in Philadelphia at 215-408-2800 or Reading at 610 208-5040 to find out whether the hearing has been canceled because no one filed an answer.

Dated: 7/12/2021

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-11829-amc |
| | : | |
| **GRACE LOUISE DAHLQUIST** | : | |
| | : | **Chapter 13** |

## ORDER

AND NOW, this _____day of _____2021, upon consideration of the Gwynedd Club Condominium Association's Motion to Dismiss, and the response thereto, if any, it is hereby:

**ORDERED** that, the Motion to Dismiss, is GRANTED; and it is further

**ORDERED** that, the Debtor's Chapter 13 case is DISMISSED WITH PREJUDICE with a bar to filing a bankruptcy petition under any chapter of the Bankruptcy Code for one (1) year from the date of this Order.

.                                                                                          BY THE COURT:

                                                                                          _____
                                                                                          J.

Copies to:
Counsel for Creditor,
Gwynedd Club Condominium Association
Michele J. Stranen, Esquire
Marcus & Hoffman, P.C.
326 West State Street
Media, PA 19063

Counsel for Debtor
William P. Marshall, Esquire
Law Office of William P. Marshall, PC
21 E. Lincoln Avenue, Suite 120
Hatfield, PA  19440

Chapter 13 Trustee
Scott F. Waterman
2901 St. Lawrence Avenue
Suite 100
Reading, PA 19606

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                          :          CASE NO.  21-11829-amc
                                                :
**GRACE LOUISE DAHLQUIST**         :
                                                :
                                                :          **Chapter 13**

### GWYNEDD CLUB CONDOMINIUM ASSOCIATION'S
### MOTION TO DISMISS

Movant, by and through its counsel, Marcus & Hoffman, P.C. hereby files the instant Motion to Dismiss pursuant to 11 U.S.C. §§ 105(a), 349, 1307, and in support thereof avers as follows:

1. Movant, Gwynedd Club Condominium Association (hereinafter "Movant"), is a Pennsylvania non-profit corporation created and operating as a condominium association, comprising exclusively of members who are the owners of record of the residential units within the Gwynedd Club Condominium Association.

2. The Gwynedd Club Condominium Association is governed by the Declaration of Condominium of the Gwynedd Club (hereinafter "Declaration") and the Pennsylvania Uniform Condominium Act, 68 Pa. C.S.A. §3101 *et seq.*, as amended, (hereinafter "Act"), (hereinafter collectively referred to as "Governing Documents").

3. The Debtor, Grace Louise Dahlquist (hereinafter "Debtor") is the record owner of the residential unit located at 17 Shannon Road, North Wales, PA 19454, (hereinafter "Property").

4. The Debtor is a member of the Gwynedd Club Condominium Association as Debtor's Property is located within the Gwynedd Club Condominium Association.  The Debtor is therefore subject to the provisions of the Governing Documents.

5. Movant initiated an *in personam* collections action on January 12, 2011 because of the Debtor's failure to tender all Assessments in a manner consistent with the terms of the Governing Documents (MJ-38121-CV-30-2011).

6. A judgment was entered by the district court in favor of Association and against the Debtor in the amount of $7,038.50 on June 13, 2011.

7. The Debtor appealed the judgment to the Montgomery County Court of Common Pleas (Docket No. 2011-19003).

8. In June of 2015, summary judgment was entered in favor of the Association as to liability for unpaid Assessments and charges with a hearing to be scheduled to determine the exact amount of damages.

9. Movant also imitated an *in rem* foreclosure action in the Montgomery County Court of Common Pleas in October of 2014 (Docket No. 2014-29149).

10. On March 1, 2016, the *in personam* collections action and the *in rem* foreclosure action were consolidated for trial purposes by Court Order under Montgomery County Court of Common Pleas Docket No. 2011-19003.

11. A one (1) day non-jury trial was scheduled for January 11, 2017 in the Montgomery County Court of Common Pleas.

12. The Debtor filed her first Chapter 13 Petition at 12:05 a.m. on January 11, 2017 under Docket No. 17-10194-sr (hereinafter "First Bankruptcy"). A true and correct copy of the docket for the First Bankruptcy is attached hereto, made part hereof, and marked as Exhibit "A".

13. On January 24, 2017, the Honorable Stephen Raslavich entered an Order dismissing the First Bankruptcy as the Debtor failed to timely file the Matrix List of Creditors. See Exhibit "A"

14. Following entry of the Court's January 24, 2017 Order dismissing the Debtor's First Bankruptcy, the non-jury trial on Montgomery County Court of Common Pleas Consolidated Docket Number 2011-19003 was rescheduled to February 6, 2017.

15. The Debtor filed her second Chapter 13 bankruptcy under Docket No. 17-10817-sr at 7:35 a.m. (hereinafter "Second Bankruptcy") on the day of the scheduled trial to prevent the trial from proceeding. A true and correct copy of the docket for the Second Bankruptcy is attached hereto, made part hereof, and marked as Exhibit "B".

16. Eventually a trial was held, and the Montgomery County Court of Common Pleas awarded both *in personam* and *in rem* judgments in favor of Movant on May 11, 2017.

17. On November 27, 2017, the Honorable Jean K. FitzSimon entered an Order dismissing the Second Bankruptcy for failure to file documents and feasibility.

18. Based on the *in rem* judgment, a Sheriff Sale was scheduled in Montgomery County for March 28, 2018 at 1:00 p.m.

19. The Debtor filed her third Chapter 13 bankruptcy under Docket No. 18-12049-jkf at 12:06 p.m. on March 28, 2018 (hereinafter "Third Bankruptcy") to prevent the Sheriff Sale from proceeding. A true and correct copy of the docket for the Third Bankruptcy is attached hereto, made part hereof, and marked as Exhibit "C".

20. The *in personam* and *in rem* judgments were affirmed by the Pennsylvania Commonwealth Court on April 15, 2019.

21. On December 31, 2019, the Debtor's Petition for Allowance of Appeal to the Pennsylvania Supreme Court was denied by Order.

22. On November 25, 2020, the Honorable Ashely M. Chan entered an Order dismissing the Third Bankruptcy for feasibility and underfunding.

23. Based on the *in rem* judgment, a Sheriff Sale was scheduled in Montgomery County for June 30, 2021 at 1:00 p.m.

24. The Debtor filed her fourth Chapter 13 bankruptcy under Docket No. 21-11829-amc at 8:48 a.m. on June 30, 2021 (hereinafter "Fourth Bankruptcy") to prevent the Sheriff Sale from proceeding.

25. The following chart details the Debtor's bankruptcy cases, including the various filing dates, dispositions, and bases for dismissal (where relevant).

| Case Number | Date Filed | Date Dismissed | Reason for Dismissal/Disposition |
|---|---|---|---|
| 17-10194 | 1/11/2017 | 1/24/17 | Failure to file Matrix List of Creditors |
| 17-10817 | 2/6/17 | 11/27/17 | Failure to file documents, feasibility |
| 18-12049 | 3/28/18 | 11/25/20 | Feasibility, underfunding |
| 21-11829 | 6/30/21 | | |

26. There is no mortgage on the Property.

27. Movant filed a Proof of Claim on June 30, 2021 in the amount of $231,322.63.

28. The estimated value of the Property is $135,000.00 per Realtor.com, $137,994.00 per Redfin, and $143,500.00 per Trulia and Zillow. Documentation of the estimates are attached hereto, made part hereof, and marked as Exhibit "D."

29. The lack of equity in the Property results in a lack of adequate protection.

30. The Sheriff Sale is currently scheduled for August 25, 2021.

31. Movant wishes to proceed with the August 25, 2021 Sheriff's Sale.

32. A court may dismiss a case for cause, including, among other things, lack of good faith or unreasonable delay by the debtor that is prejudicial to creditors, pursuant to §§ 1307(c). 11 U.S.C. § 1307(c).

33. The determination of whether a chapter 13 case was commenced in good faith is left to the discretion of the bankruptcy court and is based upon the totality of the circumstances. *See In re Porter*, 371 B.R. 739 (2007).

34. In reviewing the totality of the circumstances, the court may consider "the nature of the debt…; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors." *Id*. at 746 *citing In re Love*, 957 F.2d at 1357.

35. Given that the Debtor has admitted in prior filings that she previously filed bankruptcy for purposes of delay, Movant believes that the Debtor has not filed the instant action in good faith.

36. Given that Movant has been attempting to lawfully recover all Assessments owed from the Debtor since January 2001, Movant believes that the Debtor has not filed the instant action in good faith.

37. Given that the Honorable Ashely M. Chan previously explained to the Debtor that absent a significant change in circumstances the Debtor would be unable to propose a feasible or

confirmable Chapter 13 plan, Movant believes that the Debtor has not filed the instant action in good faith.

38.　　As Movant believes that the Debtor has not filed the instant action in good faith, Movant suggests that the instant action should be dismissed <u>with prejudice</u> as to permit Movant to proceed with the August 25, 2021 Sheriff's Sale.

39.　　At a minimum, Movant has a cause to have the Automatic Stay terminated as to permit Movant to proceed with the August 25, 2021 Sheriff's Sale.

40.　　Movant specifically requests permission from this Honorable Court to communicate with the Debtor and the Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law.

41.　　Movant posits that due to the Debtor's continuing failure to tender all Assessments and the lack of adequate protection due to the lack of equity in the Property, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant should be allowed to immediately enforce and implement an Order granting relief from the Automatic Stay.

WHEREFORE, Movant respectfully requests that this Honorable Court enter an Order dismissing the instant action with prejudice which includes a bar to filing a bankruptcy petition under any chapter of the Bankruptcy Code for one (1) year.  In the alternative, Movant respectfully requests that this Honorable Court enter an Order modifying the Automatic Stay under Section 362 as to allow Movant to proceed with the August 25, 2021 Sheriff's Sale; to allow Movant to communicate with the Debtor and the Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law; and allow Movant to immediately enforce and

implement the Order granting relief from the automatic stay. Finally, Movant respectfully requests that this Honorable Court enter an Order granting any other relief that this Honorable Court deems equitable and just.

**RESPECTFULLY SUBMITTED:**

Dated: 7/12/2021

_____
MICHELLE J. STRANEN, ESQUIRE
Marcus & Hoffman, P.C.
326 West State Street
Media, PA  19063
(610) 565-4660
mstranen@marcushoffman.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-11829-amc |
| | : | |
| GRACE LOUISE DAHLQUIST | : | |
| | : | Chapter 13 |

**CERTIFICATE OF SERVICE**

I hereby certify that I served a true and correct copy of Gwynedd Club Condominium Association's <u>Notice of Motion, Response Deadline and Hearing Date and Motion to Dismiss</u>, on the date indicated below upon the following by First Class Mail, postage prepaid and/or email:

<u>Copies to:</u>

<u>Counsel for Debtor</u>
William P. Marshall, Esquire
Law Office of William P. Marshall, PC
21 E. Lincoln Avenue, Suite 120
Hatfield, PA  19440

<u>Chapter 13 Trustee</u>
Scott F. Waterman
2901 St. Lawrence Avenue
Suite 100
Reading, PA 19606

<u>United States Trustee</u>
Office of the U.S. Trustee
200 Chestnut Street, Suite 502
Philadelphia, PA 19106

Dated: 7/12/2021

_____
**MICHELLE J. STRANEN, ESQUIRE**
Attorney for Plaintiff