**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In Re:  Grace Louise Dahlquist            )
                                          )   Case No.:   21-11829
                         Debtor           )   Chapter:    13

**<u>DEBTOR'S RESPONSE TO MOTION TO DISMISS</u>**

Debtor, Grace Louise Dahlquist, by and through her counsel, William P. Marshall, Esquire avers as follows in opposition to a Creditor's Motion to Dismiss:

1. Admitted.

2. Admitted in part and Denied in part.  It is admitted that there is a declaration which is supposed to govern the condominium association.  It is denied that the Creditor actually abides by or follows its Declaration, By-laws and Rules and Regulations as written unevenly enforcing terms and provisions against some, and allowing others to do whatever they want without any court placing this conduct in check.  Strict proof of its "governance" is demanded.

3.-5. Admitted.

6.-7. Admitted with supplement.  The parties actually were able to enter into a settlement agreement following that district justice judgment that the trial court refused to enforce like it refused to enforce.

8. Denied as spun.  It is admitted that the trial court granted summary judgment which not only included liability but also liability for the unpaid association fees with the questions on damage being the "other charges" and what turned out to be over $100,000 in attorney's fees spent to collect approximately $22,000 in fees.  It is unclear how this is relevant, the creditor has a judgment.  All appeals to the judgment have been exhausted.  Debtor must pay as much of that

1

judgment as possible through the sale of her real estate. Her best chance to do this is through a private sale, approved by this Court rather than a sheriff sale. Strict proof to the contrary is demanded.

9. Admitted with supplement. Despite the governing documents referenced above, specifically using the word OR in the remedy section, wherein the creditor could choose EITHER an in personam action OR a in rem proceeding, this creditor did both. It is unclear how this is relevant, the creditor has a judgment. All appeals to the judgment have been exhausted. Debtor must pay as much of that judgment as possible through the sale of her real estate. Her best chance to do this is through a private sale, approved by this Court rather than a sheriff sale. Strict proof to the contrary is demanded.

10. Admitted with supplement. It is unclear how this is relevant, the creditor has a judgment. All appeals to the judgment have been exhausted. Debtor must pay as much of that judgment as possible through the sale of her real estate. Her best chance to do this is through a private sale, approved by this Court rather than a sheriff sale. Strict proof to the contrary is demanded.

11. Admitted with supplement. The judgment entered was to the penny of what was requested by the Plaintiff with no evidence of the Defendant impacting the outcome including evidence relating to payments, non liability for fines that the creditor imposed upon her for "driving infractions" when Debtor did not even drive a car. Again, It is unclear how this is relevant, the creditor has a judgment. All appeals to the judgment have been exhausted. Debtor must pay as much of that judgment as possible through the sale of her real estate. Her best chance to do this is through a private sale, approved by this Court rather than a sheriff sale. Strict proof to the contrary

is demanded.

12. Admitted with supplement. With less than 2 weeks notice for the trial, and the Debtor undergoing a medical procedure days before the trial, with the trial court rejecting a request for a continuance; yes, Debtor sought bankruptcy protection before the entry of the judgment that has been referenced and acknowledged throughout this response.

13. Denied as stated. It is believed that the dismissal was administrative in nature.

14. Denied as stated. The trial was actually scheduled for the a prior date that week, but the undersigned was out of state on a pre-paid vacation returning February 6 such that the trial court continued the trial til the day of the undersigned's return from vacation. Strict proof to the contrary is demanded.

15. Admitted with supplement. Not only was the bankruptcy filed to prevent the trial, but also to fulfill the purpose of the original filing that the undersigned had been working on before the dismissal for the failing to file the matrix: reorganize the Debtor's finances pursuant to Chapter 13. Strict proof to the contrary is demanded.

16.-18. Admitted.

19. Admitted with supplement. Not only was the bankruptcy filed to prevent the sheriff sale, but also to complete the appeals process that related to the judgment, as well as to fulfill the purpose of bankruptcy: reorganize the Debtor's finances pursuant to Chapter 13. Strict proof to the contrary is demanded.

20.-23. Admitted,

24. Admitted with supplement. Not only was the bankruptcy filed to prevent the sheriff sale, but also to fulfill the purpose of bankruptcy: reorganize the Debtor's finances pursuant to

Chapter 13 which as the Plan that the undersigned is presently working on shall reflect the intent to sell the property, privately through a real estate agent as a private sale to maximize the value to be received and then applied to the debts of the Debtor. Strict proof to the contrary is demanded.

25. Admitted with supplement as the chart is redundant to that information heretofore alleged.

26. Admitted.

27. Admitted with supplement. Following the completion of the bankruptcy filing, the undersigned intends to file an objection to creditor's proof of claim such that the Debtor contests the amount of the claim, but not the amount of the judgment as all appeals have been exhausted.

28. Admitted with supplement. Debtor agrees that the property holds substantial value though there remains work that needs to be done to the interior to maximize the values cited herein as a result of water damage to the Debtor's kitchen and bathroom from the upstairs unit.

29. Denied as stated. The crux of this motion in not relief from the stay, but rather seeks to dismiss the bankruptcy of the Debtor. To dismiss her case requires that the filing be for bad faith or some illegitimate purpose which is not this case. The home of the Debtor must be sold. Given that it must be sold, it is in the interest of the estate to maximize the value of the property. Debtor believes this is best accomplished through a private sale; rather than a Sheriff's auction where the values stated in the aforesaid paragraph have a better chance to be achieved. Part of the thinking of the Debtor in this regard, is that the sheriff sale, Judge Fitzsimons set aside because the sale violated the automatic stay, only netted $50,000 when the property held a value at that time of approximately twice that value and that the only bid observed by the Debtor the morning of the present sale being $24,5000 where the approximate value is likely $125,000.00 or more. Maximizing the cash to be

received from the sale of real estate is in the interest of all of the creditors because once the secured asset is gone, the objecting creditor's claim becomes unsecured, and it shares the liquidation of any other non-exempt property with all of the other unsecured creditors who have a valid claim against the Debtor's estate. Strict proof to the contrary is demanded.

30. Admitted.

31. Admitted with supplement. The foregoing motion is a motion to dismiss not a motion for relief from the stay due to inadequate protection, Having filed motions for relief from the stay in a prior bankruptcy of the Debtor, both the creditor and its counsel that filed the same are familiar with the distinction.

32.-34. Admitted with supplement. It is agreed that this is the law. Furthermore, having recognized that this is the law, the undersigned has above set forth the reasons that render this filing to be one that is in good faith and a lawful purpose such that the response to paragraph 29 is incorporated herein.

35. Denied. It is specifically denied that the any of the previous bankruptcies filed by the Debtor were for the purpose of delay. Debtor paid her monthly fees to the Trustee following each filing. Debtor paid her post-petition condominium fee each month to the creditor as she has done following the present filing. Strict proof of this contention is demanded.

36. Admitted with supplement. It is admitted that the creditor believes this. It is specifically denied that there is any credence to the belief such that Debtor demands strict proof of the same.

37. Admitted with supplement. Those change in circumstances that are expected to add over $125,000 to the property of the estate are both the sale of her home that previously Debtor

sought to save through bankruptcy and a booming private sale real estate market. Adding that much value to the property of the estate for the benefit of the creditors is a significant change in the manner in which Debtor seeks to reorganize her finances. Strict proof to the contrary is demanded.

38. Admitted with supplement. It is admitted that the creditor believes this. It is specifically denied that there is any credence to the belief such that Debtor demands strict proof of the same.

39. Denied as stated. This motion is not a motion seeking relief from the stay but a motion to dismiss the case as is reflected in the relief sought to bar the Debtor from bankruptcy filings for one year. Even if this Court want to treat the motion as both, there is adequate protection given that the Debtor shall include Sale of Real Estate as part of her Chapter 13 Plan. Furthermore, Debtor has and shall continue to make her monthly assessment payment directly to the creditor has she done consistently since being ordered to do so by Judge Raslavich. Strict proof to the contrary is demanded.

40. Denied as stated. Creditor's counsel communicates properly already with the office of the undersigned such that there is no need or point to allowing the creditor to have any direct contact with the Debtor in this matter. Strict proof as to the purpose or need to alter the status quo of counsel for creditor communicating with the undersigned is demanded.

41. Denied as stated. Debtor has proof of payment for EVERY monthly condominium fee since being ordered to do so by Judge Raslavich even payments that this Court disallowed consideration for when Debtor objected to the last proof of claim filed by the creditor seeking double payments and payment for monthly fees Debtor in fact paid. Strict proof to the contrary is demanded.

WHEREFORE, it is respectfully requested that this Honorable Court deny the motion to dismiss Debtor's Chapter 13 Bankruptcy Petition.

    Respectfully submitted:

By: *William P. Marshall* s/
WILLIAM P. MARSHALL, ESQUIRE
Attorney for Debtor,
Grace Louise Dahlquist